### WILKIN v. HILL.

(Circuit Court, W. D. Michigan. January 19, 1904.)

1. PATENTS—INFRINGEMENT—LOG TURNER.
    The Wilkin patent, No. 583,560, for a log turning and loading device, for turning logs on the saw carriage in steam sawmills, was not anticipated, and discloses invention. Also *held* infringed.

In Equity. Suit for infringement of letters patent No. 583,560, for a log turner, granted to Theodore C. Wilkin June 1, 1897. On final hearing.

Benedict & Morsell, for complainant.
Parker & Burton, for defendant.

WANTY, District Judge. This is a bill brought alleging infringement of patent No. 583,560, issued to the complainant June 1, 1897, for improvements in log turning and loading devices. On the hearing the complainant made a motion to strike out the defendant's exhibit Giddings & Lewis-Lange contract, and defendant's exhibit of Lange's assignment to the defendant, and also to strike out all of the testimony relating to the changes made in the alleged infringing device at the Deward Mill after the commencement of this litigation. The complainant was not a party to the contract made on March 4, 1898, between the Giddings & Lewis Manufacturing Company and Herman O. Lange, and could not be affected by its terms; and, if he had been, the stipulations in that contract were so drawn that they could have no effect in determining the validity or infringement of the complainant's patent, and the assignment of that contract by Lange to the defendant could in no wise affect the rights of the complainant, and the motion to strike out all· evidence relating to this contract and the assignment of it is therefore granted. The balance of the motion to strike out the testimony taken by the complainant relates to the changes made in the alleged infringing device after the litigation was commenced. It is true, as contended by complainant's counsel, that, if the device infringed before the changes were made, it could be no defense to a suit for an injunction against the infringement and for an accounting for damages to show that since the litigation began the infringing structure had been changed; but I take it the testimony was not offered for that purpose, but to show that a change could be made, making the device different from the complainant's device, which would still

perform the function claimed for the structure described in the complainant's patent. This proof would stand on the same basis as a model made for the same purpose, and would be admissible, and for that purpose it may be considered in the testimony, and for no other. The motion relating to the striking out of the testimony of the various witnesses in regard to these changes must therefore be overruled.

The patent covers an improved mechanism for use in steam sawmills, called a "log-turner" or "nigger," which is made to turn a log on the saw carriage, and force it against the knees of the carriage. These "niggers" have been in use for many years. The first patent, according to this record, involving the principle of an upright toothed bar through the floor of the sawmill, in relation to the log deck and carriage, and turning the logs, was granted to Esau Tarrant, August 25, 1868, and improvements have been made from time to time since. The claims which are alleged to be infringed in this suit are as follows:

"(1) In a log turning or loading device, the combination of two cylinders, one occupying a vertical position and the other an oblique position; a piston in each cylinder; a toothed bar connected to the rod of one of said pistons; and a link or brace connected to the rod of the other of said pistons, and permanently connected to the upper portion of the toothed bar. (2) In combination with an upright cylinder, E, provided with a piston, a toothed bar, G, pivotally connected with the rod of said piston; a cylinder, F, having its upper end somewhat nearer cylinder E than its lower end; a piston within the cylinder F; and a link or brace pivotally connected with the rod of said piston, and permanently connected with the upper end of bar, G. (3) In combination with a toothed bar and means for moving the same vertically, a link or brace pivotally connected with the upper part of said bar, and means for moving said link or brace longitudinally in a line oblique to and intersecting that in which the toothed bar moves. (4) In a log turning or loading device, the combination of two cylinders, both occupying generally upright positions, but nearer together at their upper than at their lower ends; pistons carried by said cylinders; a toothed bar and a link or brace pivotally connected one to one piston and the other to the other piston, and a flexible joint or connection between the upper portions of the bar and the link or brace, in a plane passing between the two cylinders. (5) The herein-described log turning apparatus, comprising, in combination, cylinder E, provided with a piston, a sliding block as c, and a guide as a; bar, G, jointed to said block; cylinder F, provided with a piston, a sliding block as g, and a guide as e; and link or brace, H, permanently connecting the block, g, and the upper end of bar, G." "(7) In combination with the upright bar of a log turning or loading device, and with means for moving the same longitudinally, a brace or link permanently connected with said bar at or near the upper extremity of the bar, and means for moving said link or brace longitudinally, substantially as set forth, whereby the bar is firmly supported in all positions."

The defenses insisted upon at the hearing are invalidity of the patent and noninfringement.

The prominent feature of these claims, in the words of the patent, "aims to render the pressure practically constant and uniform, or to enable the operator to control its variation at will. This result is accomplished by placing one actuating or controlling cylinder and piston in a vertical position and the other in an inclined position, and connecting the toothed bar to the piston rod of one cylinder, and the supporting links or braces to the other piston rod, and also to the upper part of the toothed bar"; and "a prominent feature

of construction is the attachment or connection of the link or brace and the toothed bar at or near the upper end of the bar, and the consequent bracing and staying of the bar at all points in its stroke. This effectually overcomes the liability to breakage incident to the employment of a bar supported only at its lower end." In all the prior patents introduced in evidence or referred to by counsel the toothed bar is either swung against and from the log by power applied to the toothed bar at or near its lower end, or by a substantially horizontal cylinder applying the power at or near the upper end of the toothed bar. Those swung laterally by power applied at or near the lower extremity of the toothed bar force the log against the knees of the carriage by a blow or punch which produces a severe strain on the bar that often results in breaking it. Without taking the defendant's exhibits and analyzing them one by one, it is sufficient to say that this objection is present in each patent referred to, where the power is applied at the lower end of the toothed bar. This objection is obviated in the log turners described in those patents where the toothed bar is lifted by a steam cylinder attached to its lower end, and is forced laterally by a horizontal cylinder whose piston is connected to the toothed bar at or near its upper end, but in that construction the friction is great when the horizontal cylinder is pushing the log laterally at the same time that the lower cylinder is raising or lowering the toothed bar. The leading feature of the complainant's patent is the use of two cylinders, one applying the power at the lower end of the toothed bar and the other to a back link connected with the toothed bar at or near the top, thus getting all the advantages of the construction, where the same power raises and lowers the toothed bar and gives it its side thrust without the disadvantage of the blow which produces a severe strain on the bar; and it has all the advantage of applying the power at the point of resistance as in the horizontal cylinder without the disadvantage of the great friction produced when the log is being pushed laterally at the same time the toothed bar is being raised or lowered. The defendant's experts and counsel change the point of contact of an arm of the triangle which forms the lower part of the toothed bar in several of the patents introduced in evidence showing the prior art, and place its contact at the upper, instead of the lower, part of the toothed bar. In that way they get the same result the complainant gets with his back link connecting at the same point. It is sufficient to say that, although such a change seems now very simple, and the result obvious, no one thought of it until the complainant took out his patent. However, this is not the carrying forward of an old mode of operation, but is a radical change of operation, and attains the beneficial results of the horizontal cylinder without its friction, and all the beneficial results of the patents illustrating the prior art, where the lateral motion is produced by power applied to the lower part of the toothed bar, without the strain and pounding present in each of those devices. The steam "niggers" which it is admitted the defendant made for the mill at Deward resemble the device described in the patent so closely that it is apparent the defendant did not even try to disguise the infringe-

ment, and must have relied on the idea that complainant's patent was void.

In my opinion, the claims above quoted are valid, and infringed, and a decree will be entered for an injunction and accounting in the usual form.